﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 191209-47815
DATE: June 30, 2020

ORDER

Entitlement to a compensable disability rating for bilateral hearing loss is denied.

FINDING OF FACT

The Veteran’s hearing loss manifests as Level II bilaterally.

CONCLUSION OF LAW

The criteria for entitlement to a compensable disability rating for hearing loss have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.385, 4.85, Diagnostic Code 6100.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1968 to October 1970. This case comes before the Board of Veterans’ Appeals (Board) on appeal from a rating decision of September 2019 issued by the Department of Veterans Affairs (VA) Regional Office (RO) under the Veterans Appeals Improvement and Modernization Act of 2017 (VAIMA). Because the Veteran selected the Evidence Submission docket in his appeal to the Board, no hearing before the undersigned VLJ was scheduled. See December 2019 VA Form 10182.

1. Entitlement to a compensable disability rating for bilateral hearing loss.

Disability evaluations are determined by comparing a Veteran’s present symptomatology with criteria set forth in VA’s Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for a higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

The Veteran’s entire history is reviewed when making disability rating decisions. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). However, where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary concern. Although a rating specialist is directed to review the recorded history of a disability in order to make a more accurate evaluation, the regulations do not give past medical reports precedence over current findings. See 38 C.F.R. § 4.2; Francisco v. Brown, 7 Vet. App. 55 (1994). Staged ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. The relevant focus for adjudicating an increased rating claim is on the evidence concerning the state of the disability from the time period one year before the claim was filed until VA makes a final decision on the claim. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

The applicable rating criteria provide that the Veteran’s pure tone threshold averages are calculated using “the sum of the pure tone thresholds at 1000, 2000, 3000, and 4000 Hertz, divided by four.” 38 C.F.R. § 4.85(d). These averages are combined with the Veteran’s speech discrimination scores to create numeric designations for each ear. See 38 C.F.R. § 4.85(h), Table VI; see also § 4.85(a). These numeric designations are then combined to produce a disability rating. Id. at Table VII.

The Veteran has previously undergone numerous VA examinations on this issue. As noted above, the relevant time period on which to focus in an increased rating claim is the period from one year before the claim was filed until VA makes a final decision on the claim. See Hart, 21 Vet. App. 505. In this case, the Veteran filed his claim in May 2019 and underwent a VA examination in August 2019. The August 2019 VA examiner found the following pure tone decibel thresholds:

 HERTZ 

 1000 2000 3000 4000

RIGHT 40 55 70 85

LEFT 50 65 70 95

The VA examiner calculated the Veteran’s pure tone threshold averages as 62.5 for the right ear and 70 for the left ear. This examination also found speech discrimination scores of 96 percent for the right ear and 94 percent for the left ear. See August 2019 VA Examination Report at 3. 

The Veteran’s resulting numeric designations are II (right ear) and II (left ear). See 38 C.F.R. § 4.85(h), Table VI. The combination of II and II produces a noncompensable rating. See id. at Table VII. While certain patterns of hearing loss may be rated solely on the basis of pure tone thresholds – in other words, without the use of speech discrimination scores – the Veteran’s bilateral hearing loss does not qualify for such a rating under the applicable regulations. See 38 C.F.R. § 4.86 (providing that hearing impairment is considered “exceptional” where pure tone thresholds are 55 decibels or more at each of the four specified frequencies, or where the threshold is 30 decibels or more at 1000 Hertz and 70 decibels or more at 2000 Hertz). The Board also notes that each of the Veteran’s previous VA examinations on this issue found an equivalent or less-severe degree of hearing loss. See April 2018 VA Examination Report at 3; see also November 2016 VA Examination Report at 1-2; see also June 2012 VA Examination Report at 3-4.

The Veteran concedes that his bilateral hearing loss does not warrant a compensable disability rating under the schedular criteria. See May 2019 VA Form 21-4138. Instead, he asserts that an extraschedular rating is warranted on the basis of “my specific circumstances and lifetime employment history.” See id.; see also May 2019 Correspondence at 1 (statement in support of the Veteran’s claim asserting that “[the] Veteran can no longer function in his lifetime vocation of Insurance Agent precisely because of his hearing impairment in any setting that involves background noise and the need to speak on the telephone”) (emphasis added).

While the full analysis of a referral for an extraschedular rating “is a three-step inquiry… The threshold factor for extraschedular consideration is a finding that the evidence before [the Board] presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate[.]” Thun v. Peake, 22 Vet. App. 111, 115 (2008). “[If] the criteria reasonably describe the claimant’s disability level and symptomatology, then the claimant’s disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required.” Id. Because the Veteran’s symptoms of hearing loss are expressly contemplated and addressed by the rating schedule, the Board concludes that further analysis of referral for an extraschedular disability rating is moot. 

The Board has also considered whether the Veteran’s assertions warrant referral for extraschedular consideration of a total disability rating based on individual unemployability (TDIU). Generally, VA will grant a TDIU when the evidence shows that the Veteran is precluded by reason of his service-connected disabilities from obtaining or maintaining “substantially gainful employment” consistent with his education and occupational experience. 38 C.F.R. §§ 3.340, 3.341, 4.16; see also Rice v. Shinseki, 22 Vet. App. 447 (2009). 

The Veteran is rated as totally disabled on a schedular basis from October 31, 2018 and as 60 percent disabled due to the combination of other service-connected disabilities from July 1, 2020. See April 2020 Rating Codesheet at 2. As noted above, the Veteran asserts that he “can no longer function in his lifetime vocation of Insurance Agent precisely because of his hearing impairment” as opposed to his other service-connected disabilities generally. See May 2019 Correspondence at 1 (emphasis added); see also May 2019 VA 21-4138 at 1 (asserting that unemployability is “due to the functional impact of my service connected bilateral Hearing Loss”). The Board may not assign a TDIU in the first instance on the basis of a noncompensable disability rating for bilateral hearing loss. See 38 C.F.R. § 4.16(a) (requiring a single disability of 60 percent or greater or else a combined disability rating of 70 percent with at least one disability of 40 percent or greater).

Instead, the applicable regulations provide that the Board “should submit to the Director, Compensation Service, for extra-schedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards”). See 38 C.F.R. § 4.16(b). The key question for the Board’s analysis is therefore whether the evidence of record supports the inference that the Veteran is at least as likely as not “unemployable by reason of [his] service-connected disabilities.” Id.

In resolving that question, the Board notes that there is no requirement that the Veteran be able to continue his previous job, nor is there any requirement that the VA provide a vocational expert to assess whether other jobs suitable to the Veteran’s skills and experience are available in the national economy. Smith v. Shinseki, 647 F.3d 1380, 1383-1384 (Fed. Cir. 2011). “The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is a recognition that the impairment makes it difficult to obtain and keep employment. The question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether the veteran can find employment.” Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993) (emphasis in original).

The Board therefore concludes that referral for an extraschedular TDIU is not warranted, because the Veteran has not shown that it is at least as likely as not that his service-connected bilateral hearing loss renders him incapable of obtaining and maintaining substantially gainful employment. Proving inability to maintain “substantially gainful occupation” for entitlement to TDIU does not require proving 100 percent unemployability. Roberson v. Principi, 251 F.3d 1378, 1380 (Fed. Cir. 2001). However, there is no requirement that “substantially gainful employment” be as remunerative as the Veteran’s previously-held employment, and employment will generally be considered substantially gainful if the Veteran’s annual income exceeds the poverty threshold for one person. See 38 C.F.R. § 4.16(a).

Finally, the Board notes the Veteran’s repeated statements regarding the functional impact of his hearing loss, his dissatisfaction with his noncompensable disability rating therefor, and his belief that an extraschedular rating is warranted. See, e.g., July 2018 Correspondence (asserting that “[there] is no way that you can convince me that your decision is fair regardless of what test results you examine”); see also May 2019 Correspondence at 1 (asserting that “I firmly believe that using test results and charts to base the ratings on does not do justice to every claim that you receive”); see also December 2019 VA Form 21-4138 (asserting that “the soundproof booth of the Audiology Exam does not in any way approximate the workplace and the Rating Schedule in the CFR does not properly address the true Functional Impact of bilateral Hearing Loss in the workplace”).

The Board is bound in its decisions by applicable case law and statutes and “by the regulations of the Department [of Veterans Affairs], instructions of the Secretary, and the precedent opinions of the chief legal officer of the Department.” See 38 U.S.C. § 7104(c); see also id. at (a). The Board has no power to award compensation on any other basis than that provided for by those regulations, and the Board likewise has no power to set aside those regulations on the basis of the Veteran’s assertions that they are unwise as a matter of policy.

Accordingly, the Board concludes that the assignment of a compensable disability rating for the Veteran’s bilateral hearing loss is not warranted. 38 C.F.R. § 4.85. The Board has considered the doctrine of reasonable doubt but concludes that it is not applicable because the balance of the evidence is against the Veteran’s claim. 38 U.S.C. § 5107.

 

 

M. H. HAWLEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Blore, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.